UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ADAM HEGGEN, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>HEAVENLY VALLEY, Limited Partnership, and DOES 1 THROUGH 10, inclusive,<br><br>    Defendants. | No. 2:21-cv-107 WBS DB<br><br><br><br>ORDER RELATING CASES |
| ANNA GIBSON and ZACHARIAH SAIZ-HAWES on behalf of themselves and all those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE VAIL CORPORATION D/B/A VAIL RESORTS MANAGEMENT COMPANY and DOES 1 THROUGH 100, inclusive,<br><br>    Defendants. | No. 2:21-cv-1260 WBS DB |

1

|   |   |
|---|---|
| 1  CHRISTOPHER HAMILTON, as an individual and on behalf of all others similarly situated,  | No. 2:21-cv-1608 WBS DB |
| 2 | |
| 3      Plaintiff, | |
| 4         v. | |
| 5  HEAVENLY VALLEY, LIMITED PARTNERSHIP, a Nevada limited partnership, and DOES 1 through 50, inclusive, | |
| 6 | |
| 7 | |
|    Defendants. | |
| 8 | |
| 9 | |
|   PAUL GREG ROBERDS, individually and on behalf of all others similarly situated, | No. 2:21-cv-2251 TLN CKD |
| 10 | |
| 11 | |
|        Plaintiffs, | |
| 12 | |
|          v. | |
| 13 | |
|   THE VAIL CORPORATION WHICH WILL DO BUSINESS IN CALIFORNIA AS VAIL RESORTS MANAGEMENT COMPANY, a Colorado Corporation; HEAVENLY VALLEY, LIMITED PARTNERSHIP, a Nevada Limited Partnership; and DOES 1-50, inclusive, THE VAIL CORPORATION D/B/A VAIL RESORTS MANAGEMENT COMPANY and DOES 1 THROUGH 100, inclusive, | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
|    Defendants. | |
| 20 | |

----oo0oo----

The court previously related cases Heggen v. Heavenly Valley, Limited Partnership, 2:21-cv-00107 WBS DB; Gibson v. Vail Corp., No. 2:21-cv-01260 WBS DB, and Hamilton v. Heavenly Valley, Limited Partnership, 2:21-cv-01608 WBS DB. (Docket No. 9.) The court now finds that Roberds v. Vail Corporation, 2:21-cv-02251 TLN CKD, is also related within the meaning of Local Rule 123(a),

1 | because all four cases contain similar claims brought by
2 | overlapping groups of employees for alleged failures to provide:
3 | (1) all wages for time worked; (2) overtime; (3) meal periods;
4 | (4) rest periods; (5) accurate wage statements; and (6)
5 | reimbursement for necessary business expenses.  Accordingly, the
6 | assignment of these matters to the same judge is likely to effect
7 | a substantial saving of judicial effort and is also likely to be
8 | convenient for the parties.
9 |      The parties should be aware that relating the cases
10 | under Local Rule 123 merely has the result that all actions are
11 | assigned to the same judge; no consolidation of the actions is
12 | effected.  Under the regular practice of this court, related
13 | cases are generally assigned to the judge and magistrate judge to
14 | whom the first filed action was assigned.
15 |      IT IS THEREFORE ORDERED that the actions denominated
16 | <u>Heggen v. Heavenly Valley, Limited Partnership</u>, 2:21-cv-00107 WBS
17 | DB; <u>Gibson v. Vail Corp.</u>, No. 2:21-cv-01260 WBS DB; <u>Hamilton v.</u>
18 | <u>Heavenly Valley, Limited Partnership</u>, 2:21-cv-01608 WBS DB, and
19 | <u>Roberds v. Vail Corporation</u>, 2:21-cv-02251 TLN CKD be, and the
20 | same hereby are, deemed related.  The cases denominated <u>Roberds</u>
21 | <u>v. Vail Corporation</u>, 2:21-cv-02251 TLN CKD, shall be reassigned
22 | to the Honorable WILLIAM B. SHUBB and Magistrate Judge DEBORAH
23 | BARNES.  Any dates currently set in the reassigned case only are
24 | hereby VACATED.  Henceforth, the captions on documents filed in
25 | the reassigned case shall be shown as <u>Roberds v. Vail</u>
26 | <u>Corporation</u>, 2:21-cv-02251 WBS DB.
27 |      IT IS FURTHER ORDERED that the Clerk of the Court make
28 | an appropriate adjustment in the assignment of cases to

3

1  compensate for this reassignment.

3  Dated:  April 27, 2022

                                    WILLIAM B. SHUBB
                                    UNITED STATES DISTRICT JUDGE