EVAN R. MOSES, CA Bar No. 198099
evan.moses@ogletree.com
MELIS ATALAY, CA Bar No. 301373
melis.atalay@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:    213-239-9800
Facsimile:     213-239-9045

Attorneys for Defendant
HEAVENLY VALLEY LIMITED PARTNERSHIP

JUSTIN TOOBI
justin@toobiesq.com
724 S. Spring Street, Suite 201
Los Angeles, CA 90014
Telephone:     310-435-9407

Attorney for Plaintiff
ADAM HEGGEN

*Counsel caption continues on following page*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adam Heggen, an individual<br><br>        Plaintiff,<br><br>   v.<br><br>Heavenly Valley, Limited Partnership; and Does 1-10, inclusive;<br><br>        Defendants. | Case No. 2:21-cv-00107-WBS-SCR<br><br>**JOINT STATUS REPORT AND REQUEST TO CONTINUE STATUS CONFERENCE; ORDER**<br><br>**RELATED TO:   2:21-CV-01260 WBS SCR**<br>**                           2:21-CV-01608 WBS SCR**<br>**                           2:21-CV-02251 WBS SCR**<br><br>Complaint Filed: October 21, 2020<br>Date Removed:    January 21, 2021<br>District Judge:     Hon. William B. Shubb<br>                            Courtroom 5, Sacramento<br>Magistrate Judge: Hon. Sean C. Riordan<br>                            Courtroom 27, Sacramento |

1  JULIAN BURNS KING, Cal. Bar No. 298716
   julian@kingsiegel.com
2  ELLIOT J. SIEGEL, Cal. Bar No. 286798
   elliot@kingsiegel.com
3  KING & SIEGEL LLP
4  724 S. Spring Street, Suite 201
   Los Angeles, CA 90017
5  Telephone:    213-465-4802
   Facsimile:    213-465-4803
6
7  Attorneys for Plaintiff
   ADAM HEGGEN

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

2    Plaintiff Adam Heggen ("Plaintiff") and defendant THE VAIL CORPORATION DBA
3 VAIL RESORTS MANAGEMENT COMPANY ("Defendant") (collectively the "Parties"), hereby
4 submit this joint status report regarding the status of the case and settlement approval process in
5 this Action and four other related cases: *Hamilton v. Heavenly Valley, Limited Partnership*, 2:21-
6 cv-01608-WBS-DB (E.D. Cal.) ("*Hamilton* I"); *Hamilton v. Heavenly Valley, Limited Partnership*,
7 SC20210148 (El Dorado County Superior Court) ("*Hamilton* II"); *Roberds v. Heavenly Valley,*
8 *Limited Partnership* ("*Roberds*"); and *Gibson v. The Vail Corporation*, 2:21-cv-01260-WBS-DB
9 (E.D. Cal.) ("*Gibson*").

10    WHEREAS, on November 19, 2021, Randy Dean Quint, John Linn, and Mark Molina
11 (collectively "Colorado Plaintiffs"), plaintiffs in another class and collective action against
12 Defendant venued in Colorado captioned *Quint v. Vail Resorts, Inc.,* No. 1:20-cv-03569-DDD-
13 GPG filed a motion to intervene in *Hamilton* II for the purpose of filing a motion to dismiss the
14 action, which the court denied;

15    WHEREAS, on December 28, 2021, the Parties executed a formal, long-form Settlement
16 Agreement that fully and finally resolves all claims in the Action, pending court approval, as well
17 as claims pled in related cases *Hamilton* I, *Gibson*, *Hamilton* II, and *Gibson* ("the Settlement");

18    WHEREAS, on February 1, 2022, the El Dorado County Superior Court entered an Order
19 in the *Hamilton* II action granting Plaintiffs' Motion for Preliminary Approval of the Settlement;

20    WHEREAS, Colorado Plaintiffs filed an objection to the Settlement;

21    WHEREAS, after considering all final approval papers, all objections to the Settlement,
22 oral argument from objectors at a hearing on June 17, 2022, and the arguments of counsel and
23 other individuals at a final approval hearing on August 19, 2022, the El Dorado County Superior
24 Court entered an Order in the *Hamilton* II action on August 19, 2022 granting Plaintiffs' Motion
25 for Final Approval of the Settlement ("Final Approval Order") and entered judgment;

26    WHEREAS, Colorado Plaintiffs moved to vacate the *Hamilton* II judgment, which the
27 Court denied;

28    WHEREAS, Colorado Plaintiffs appealed both the order denying their motion to intervene

and the order denying their motion to set aside and vacate judgment;

WHEREAS, on October 10, 2024, the Court of Appeal issued an unpublished opinion that reversed the trial court's orders in on non-parties' motions to: (a) intervene; and (b) to set aside and vacate the judgment in *Hamilton* II;

WHEREAS, Defendant's petition for review filed with the California Supreme Court which was not granted;

WHEREAS, remittitur issued on January 29, 2025;

WHEREAS, following a case management conference in *Hamilton* II on March 14, 2025, the trial court entered an order adopting the parties' stipulated briefing schedule for Colorado Plaintiffs' (now Intervenors') motion to dismiss, and set a revised hearing for September 12, 2025;

WHEREAS, the outcome of that motion may determine whether settlement approval proceedings will again move forward in *Hamilton* II;

WHEREAS the Settlement provides that Plaintiffs will dismiss this action with prejudice within 28 days after the Final Approval Order becomes a final, non-appealable order;

NOW THEREFORE, the Parties hereby jointly request that this Court continue the August 11, 2025 Status Conference to Monday, October 13 at 1:30 pm, or as soon thereafter as the Court's calendar permits.

DATED:  July 26, 2025         KING & SIEGEL, LLP

                              By:  /s/  Elliot J. Siegel
                                   Elliot J. Siegel

                              Attorneys for Plaintiffs


DATED: July 26, 2025          OGLETREE, DEAKINS, NASH, SMOAK &
                              STEWART, P.C.

                              By:  /s/  Evan R. Moses
                                   Evan R. Moses
                                   Melis Atalay

                              Attorneys for Defendant
                              THE VAIL CORPORATION

**ORDER**

The Court having reviewed the foregoing stipulation, and GOOD CAUSE APPEARING THEREFORE, the Court orders as follows:

(1)    The Parties shall file a Joint Status Report addressing the status of the Settlement and any additional information that the Court requires, by **October 6, 2025**.

(3)    The Status Conference Re Settlement is reset for **October 20, 2025 at 1:30 p.m.**

**IT IS SO ORDERED.**

Dated:  August 5, 2025

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE