Larry W. Lee (State Bar No. 228175)
Max W. Gavron (State Bar No. 291697)
DIVERSITY LAW GROUP, P.C.
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
Telephone: (213) 488-6555
Facsimile:  (213) 488-6554
Email: lwlee@diversitylaw.com
Email: mgavron@diversitylaw.com

Kelsey A. Webber (State Bar No. 303721)
Shaelyn A. Stewart (State Bar No. 335149)
WEBBER LAW GROUP
333 University Ave, Suite 200
Sacramento, California, 95825
Telephone:  (916) 588-0683
Email: Kelsey.Webber@webberlawgroup.com
Email: Shaelyn.Stewart@webberlawgroup.com

Attorneys for Plaintiff and the Class

EVAN R. MOSES, CA Bar No. 198099
evan.moses@ogletree.com
MELIS ATALAY, CA Bar No. 301373
melis.atalay@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:    213-239-9800
Facsimile:    213-239-9045

Attorneys for Defendant
HEAVENLY VALLEY, LIMITED PARTNERSHIP and
THE VAIL CORPORATION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER HAMILTON, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEAVENLY VALLEY, LIMITED PARTNERSHIP; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. **2:21-CV-01608 WBS SCR**<br><br>**JOINT STATUS REPORT AND REQUEST TO CONTINUE STATUS CONFERENCE; ORDER**<br><br>**Related to:  2:21-cv-00107 WBS DB**<br>**           2:21-cv-01260 WBS SCR**<br>**           2:21-cv-02251-WBS-DB**<br><br>Complaint Filed: September 8, 2021<br>District Judge:    Hon. William B. Shubb<br>                  Courtroom 5, Sacramento<br><br>Magistrate Judge:  Sean C. Riordan<br>                  Courtroom 27, Sacramento |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

1 | Plaintiff CHRISTOPHER HAMILTON ("Plaintiff") and defendant HEAVENLY
2 | VALLEY, LIMITED PARTNERSHIP ("Defendant") (collectively the "Parties"), hereby submit
3 | this joint status report regarding the status of the case and settlement approval process in this
4 | Action and four other related cases: *Gibson v. The Vail Corporation*, Case No. 2:21-cv-01260-
5 | WBS-DB (E.D. Cal.) ("*Gibson*"); *Hamilton v. Heavenly Valley, Limited Partnership*, SC20210148
6 | (El Dorado County Superior Court) ("*Hamilton* II"); *Roberds v. The Vail Corporation et al*, Case
7 | No. 2:21-cv-02251-WBS-DB (E.D. Cal.) ("*Roberds*"); and *Heggen v. Heavenly Valley Limited
8 | Partnership*, 2:21-cv-00107-WBS-DB ("*Heggen*").

WHEREAS, on November 19, 2021, Randy Dean Quint, John Linn, and Mark Molina (collectively "Colorado Plaintiffs"), plaintiffs in another class and collective action against Defendant venued in Colorado captioned *Quint v. Vail Resorts, Inc.,* No. 1:20-cv-03569-DDD-GPG filed a motion to intervene in *Hamilton* II for the purpose of filing a motion to dismiss the action, which the court denied;

WHEREAS, on December 28, 2021, the Parties executed a formal, long-form Settlement Agreement that fully and finally resolves all claims in the Action, pending court approval, as well as claims pled in related cases *Hamilton* I, *Gibson*, *Hamilton* II, and *Roberds* ("the Settlement");

WHEREAS, on February 1, 2022, the El Dorado County Superior Court entered an Order in the *Hamilton* II action granting Plaintiffs' Motion for Preliminary Approval of the Settlement;

WHEREAS, Colorado Plaintiffs filed an objection to the Settlement;

WHEREAS, after considering all final approval papers, all objections to the Settlement, oral argument from objectors at a hearing on June 17, 2022, and the arguments of counsel and other individuals at a final approval hearing on August 19, 2022, the El Dorado County Superior Court entered an Order in the *Hamilton* II action on August 19, 2022 granting Plaintiffs' Motion for Final Approval of the Settlement ("Final Approval Order") and entered judgment;

WHEREAS, Colorado Plaintiffs moved to vacate the *Hamilton* II judgment, which the Court denied;

WHEREAS, Colorado Plaintiffs appealed both the order denying their motion to intervene and the order denying their motion to set aside and vacate judgment;

1    WHEREAS, on October 10, 2024, the Court of Appeal issued an unpublished opinion that reversed the trial court's orders in on non-parties' motions to: (a) intervene; and (b) to set aside and vacate the judgment in *Hamilton* II;

WHEREAS, Defendant's petition for review filed with the California Supreme Court which was not granted;

WHEREAS, remittitur issued on January 29, 2025;

WHEREAS, following a case management conference in *Hamilton* II on March 14, 2025, the trial court entered an order adopting the parties' stipulated briefing schedule for Colorado Plaintiffs' (now Intervenors') motion to dismiss, and set a hearing for June 6, 2025;

WHEREAS, due to a series of scheduling conflicts, the hearing on the Colorado Plaintiffs' Motion to Dismiss was continued to September 12, 2025;

WHEREAS, on September 12, 2025, the Superior Court denied the Colorado Plaintiffs' Motion to Dismiss;

WHEREAS, the Parties are still evaluating the impact of the order denying the Colorado Plaintiffs' Motion to Dismiss, as it relates to the Settlement, to determine how the matters will move forward;

WHEREAS the Settlement provides that Plaintiffs will dismiss this action with prejudice within 28 days after the Final Approval Order becomes a final, non-appealable order;

NOW THEREFORE, the Parties hereby jointly request that this Court continue the October 6, 2025 Status Conference to Monday, January 12, 2026, at 1:30 pm, or as soon thereafter as the Court's calendar permits.

DATED:  October 6, 2025      DIVERSITY LAW GROUP, P.C.


By: /s/ *Max W. Gavron* (signature authorized on 10/6/25)
    Larry W. Lee
    Max W. Gavron

Attorneys for Plaintiff
CHRISTOPHER HAMILTON, AS AN INDIVIDUAL AND on behalf of all others similarly situated


DATED: October 6, 2025      OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ *Evan R. Moses* (signature authorized on 10/6/25)
    Evan R. Moses
    Melis Atalay

Attorneys for Defendant
HEAVENLY VALLEY, LIMITED PARTNERSHIP and THE VAIL CORPORATION

# ORDER

The Court having reviewed the foregoing stipulation, and GOOD CAUSE APPEARING THEREFORE, the Court orders as follows:

(1) The Parties shall file a Joint Status Report addressing the status of the Settlement and any additional information that the Court requires, by **December 29, 2025**.

(2) A Status Conference is set for **January 12, 2026 at 1:30 p.m.**

**IT IS SO ORDERED.**

Dated: October 6, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE